**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CAMILLA ADAMS, DONNIE SOUTH,** | § | |
| **DAVEN CHAPA, RUSSELL RICHMAN** | § | |
| **and NICHOLAS BALTHROP,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **BARNETT OUTDOORS LLC and** | § | |
| **ACADEMY, LTD. and BASS PRO** | § | |
| **OUTDOOR WORLD, L.L.C.,** | § | |
| | § | |
| **Defendants.** | § | |

**EXHIBIT C:  INDEX OF DOCUMENTS FILED IN STATE COURT ACTION**

| EXHIBIT NO. | DATE FILED | DESCRIPTION OF DOCUMENT |
|---|---|---|
| C-1 | | State Court Docket Sheet printed February 10, 2016 |
| C-2 | 06/19/2015 | Plaintiff's Original Petition |
| C-3 | 06/19/2015 | Civil Case Information Sheet |
| C-4 | 07/06/2015 | Request for Service to Court Clerk; pay for one copy of the Petition |
| C-5 | 07/13/2015 | Citation issued to Academy Ltd., d/b/a Academy Sports + Outdoors |
| C-6 | 07/13/2015 | Citation issued to Barnett Outdoors LLC |
| C-7 | 08/27/2015 | Return of Service for Academy, Ltd. d/b/a Academy Sports + Outdoors |
| C-8 | 09/14/2015 | Original Answer of Barnett Outdoors LLC |
| C-9 | 09/14/2015 | Original Answer of Academy, Ltd. d/b/a Academy Sports + Outdoors |
| C-10 | 09/23/2015 | 162nd Uniform Scheduling Order (Level 3) |
| C-11 | 01/13/2016 | Plaintiffs' First Amended Original Petition |
| C-12 | 01/13/2016 | Letter requesting issuance of citation to Bass Pro Outdoor World, L.L.C. |

| Exhibit No. | Date Filed | Description of Document |
|---|---|---|
| C-13 | 01/19/2016 | Citation issued to Bass Pro Outdoor World, L.L.C. |
| C-14 | 01/26/2016 | Return of Service for Citation to Bass Pro Outdoor World, L.L.C. |
| C-15 | 02/08/2016 | Correspondence regarding the Medical Expense Affidavit from W.B. Carrell Clinic |
| C-16 | 02/08/2016 | Correspondence regarding the Affidavit of Records Custodian of W.B. Carrell Memorial Clinic |
| C-17 | 02/08/2016 | Affidavit of the Records Custodian of W.B. Carrell Memorial Clinic regarding Medical Records |
| C-18 | 02/08/2016 | Affidavit of Records Custodian of W.B. Carrell Memorial Clinic regarding Billing |

## DC-15-07035 - CAMILLA ADAMS vs. BARNETT OUTDOORS LLC, et al

| | |
|---|---|
| Case Number: DC-15-07035 | Court: 162nd District Court |
| File Date: 06/19/2015 | Case Type: OTHER PERSONAL INJURY |
| Case Status: OPEN | |

PLAINTIFF : ADAMS, CAMILLA

### Active Attorneys
#### Lead Attorney:
**KIZZIA, D BRADLEY**
Retained
Work Phone: 214-613-3350
Fax Phone: 214-613-3330

DEFENDANT : BARNETT OUTDOORS LLC
Address:
 625 COURT STREET STE 200
 CLEARWATER FL 33756

### Active Attorneys
#### Lead Attorney:
**JORDAN, JAMES D**
Retained
Work Phone: 214-855-7500
Fax Phone: 214-855-7584

### Inactive Attorneys
#### Attorney: COVINGTON, CURT
Retained
Work Phone: 214-855-7500
Fax Phone: 214-855-7584

DEFENDANT : ACADEMY LTD., D/B/A ACADEMY SPORTS + OUTDOORS
Address:
 REGISTERED AGENT M WADE TURNER
 1800 NORTH MASON RD
 KATY TX 77449

### Active Attorneys
#### Lead Attorney:
**JORDAN, JAMES D**
Retained
Work Phone: 214-855-7500
Fax Phone: 214-855-7584

### Inactive Attorneys
#### Attorney: COVINGTON, CURT
Retained
Work Phone: 214-855-7500
Fax Phone: 214-855-7584

DEFENDANT : BASS PRO OUTDOOR WORLD LLC
Address:
 BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM
 1999 BRYAN STREET SUIE 900
 DALLAS TX 75201

06/19/2015 NEW CASE FILED (OCA) - CIVIL
06/19/2015 ORIGINAL PETITION
    File Adams v Barnett Ps Original Petition (2) (2) 4846-9659-
    Comment: PLAINTIFF'S ORIGINAL PETITION
06/19/2015 CASE FILING COVER SHEET
    Adam's CivilCaseInformationSheet.pdf
    Comment: CIVIL COVER SHEET
06/19/2015 ISSUE CITATION
    ISSUE CITATION
06/19/2015 ISSUE CITATION COMM OF INS OR SOS
    ISSUE CITATION COMM OF INS OR SOS
07/06/2015 REQUEST FOR SERVICE
    Ltr to court-payment for copy of petition 7-6-15.pdf
    Comment: PAYMENT FOR 1 COPY OF THE PETITION
07/13/2015 CITATION SOS/COI/COH/HAG
    Anticipated Server: ATTORNEY        Anticipated Method:
07/13/2015 CITATION
    Anticipated Server: ATTORNEY        Anticipated Method:
    Actual Server: OUT OF COUNTY        Returned: 08/27/2015
08/27/2015 RETURN OF SERVICE
    ACADEMY LTD., D/B/A ACADEMY SPORTS + OUTDOORS - CI
    Comment: RETURN OF ACADEMY
09/14/2015 ORIGINAL ANSWER - GENERAL DENIAL
    Original Answer of Barnett Outdoors LLC.pdf
    Comment: DEFENDANTS
09/14/2015 ORIGINAL ANSWER - GENERAL DENIAL
    Original Answer of Academy, Ltd..pdf
    Comment: DEFENDANTS
09/23/2015 SCHEDULING ORDER
    SCHEDULING ORDER
01/13/2016 AMENDED PETITION
    1st Amend P.pdf
    Comment: PLAINTIFFS 1ST
01/13/2016 REQUEST FOR SERVICE
    Ltr to Court - Request Issuance of Citation to D Bass Pro.pd
    Comment: Request for Bass Pro Citation
01/13/2016 ISSUE CITATION
    ISSUE CITATION
    Comment: 9214 8901 0661 5400 0077 8340 23
01/19/2016 CITATION
    Anticipated Server: CERTIFIED MAIL        Anticipated Method:
    Actual Server: CERTIFIED MAIL        Returned: 01/26/2016
    Comment: 1ST AMND PET---CERTMAIL/AM
02/08/2016 CORRESPONDENCE - LETTER TO FILE
    Adams - Carrell Clinic Bill Aff Ltr.pdf
    Comment: RE MEDICAL EXPENSE AFFIDAVIT
02/08/2016 CORRESPONDENCE - LETTER TO FILE
    Adams - Carrell Clinic Medical Aff Ltr.pdf
    Comment: RE RECORDS AFFIDAVITS
02/08/2016 AFFIDAVIT
    Adams - Carrell Clinic Medical Aff Bated Numbered.pdf
    Comment: W.B. CARRELL MEMORIAL CLINIC - MEDICAL RECORDS
02/08/2016 AFFIDAVIT
    Adams - Carrell Clinic Billing Aff Bates Numbered.pdf
    Comment: W.B. CARRELL MEMORIAL CLINIC - BILLING
12/05/2016 Non Jury Trial
    Judicial Officer: BROWN, PHYLLIS LISTER
    Hearing Time: 9:00 AM

File Adams v Barnett Ps Original Petition (2) (2) 4846-9659-



Ltr to court-payment for copy of petition 7-6-15.pdf
ISSUE CITATION COMM OF INS OR SOS
ISSUE CITATION
ACADEMY LTD., D/B/A ACADEMY SPORTS + OUTDOORS - CI
Original Answer of Barnett Outdoors LLC.pdf
Original Answer of Academy, Ltd..pdf
SCHEDULING ORDER
1st Amend P.pdf
Ltr to Court - Request Issuance of Citation to D Bass Pro.pd
ISSUE CITATION
BASS PRO OUTDOOR WORLD LLC - CITATION
Adams - Carrell Clinic Bill Aff Ltr.pdf
Adams - Carrell Clinic Medical Aff Ltr.pdf
Adams - Carrell Clinic Medical Aff Bated Numbered.pdf
Adams - Carrell Clinic Billing Aff Bates Numbered.pdf

EXHIBIT C-1 - Page 3 of 3

FILED
DALLAS COUNTY
6/19/2015 10:57:14 AM
FELICIA PITRE
DISTRICT CLERK

Lantz Sandra

CAUSE NO. <u>DC-15-07035</u>

| | | |
|---|---|---|
| **CAMILLA ADAMS,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **BARNETT OUTDOORS LLC, AND** | § | |
| **ACADEMY, LTD.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | <u>162ND-I</u> **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff, Camilla Adams ("Plaintiff" or "Adams"), and files this, her Original Petition complaining of and about Defendants Barnett Outdoors, LLC ("Defendant" or "Barnett Outdoors") and Academy, Ltd. d/b/a Academy Sports + Outdoors ("Academy"), individually and/or as joint tortfeasors (collectively referred to as "Defendants"), and for causes of action would respectfully show unto the Court the following:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 in accordance with Rule 190.4 of the Texas Rules of Civil Procedure.

2. In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff states that it is seeking monetary relief of over $200,000 but not more than $1,000,000.00 to which Plaintiff is entitled.

**PLAINTIFF'S ORIGINAL PETITION**                                          **Page 1**

EXHIBIT C-2 - Page 1 of 14

## II.

## PARTIES

3.   Plaintiff Camilla Adams is an individual resident of the State of Texas.

**SOS**

4.   Upon information and belief, Defendant Barnett Outdoors, LLC is a Florida limited liability company having its principal place of business in Florida. Upon information and belief, Defendant Barnett Outdoors has two members: Billy A. Busbice, Jr. is a resident of the State of Louisiana and Michael N. Houllis is a resident of the State of Florida. Defendant Barnett Outdoors has, at all times material hereto, been doing business in the State of Texas by selling, manufacturing, and distributing crossbows and other goods through its distributors and sales force within this State. However, Defendant Barnett Outdoors is not registered to do business in Texas, does not maintain a regular place of business in Texas, and has failed to designate or maintain a registered agent in Texas. Therefore, the Texas Secretary of State is an agent for service of process on Defendant Barnett Outdoors. *See* TEX. CIV. PRAC. & REM. CODE § 17.044(b) (Vernon 2008). Accordingly, pursuant to Section 17.045 of the Texas Civil Practice and Remedies Code, Defendant Barnett Outdoors may be served with process through the Secretary of State for the State of Texas, by delivering duplicate copies of the citation and petition to the Texas Secretary of State, Citations Unit, P.O. Box 12709, Austin, Texas, 78711-2079. The Secretary of State is requested to serve upon Defendant Barnett Outdoors via certified mail, return receipt requested, a true and correct copy of the citation and Plaintiffs Original Petition to: Barnett Outdoors, LLC, c/o Matthew Marquardt, 625 Court Street, Suite 200, Clearwater, Florida 33756-5528, or wherever found.

**CIT**

5.   Upon information and belief, Defendant Academy Ltd., d/b/a Academy Sports + Outdoors ("Academy"), is a limited partnership organized and existing under the laws of the State of Texas, with its principal place of business located at 1800 North Mason Rd., Katy, TX 77449.

**PLAINTIFF'S ORIGINAL PETITION**                                                                 **Page 2**

EXHIBIT C-2 - Page 2 of 14

Academy, Ltd. has appointed M Wade Turner, 1800 North Mason Rd., Katy, TX 77449, as its agent for service of process, so citation should be issued and served by certified mail upon Defendant Academy's agent at that address.

## III.

## JURISDICTION AND VENUE

6.   Venue is proper in Dallas County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.001 *et seq*. because Plaintiff resided in Dallas County, Texas at the time the cause of action accrued. Further, Defendant Barnett Outdoors conducts a substantial amount of business within the State of Texas and has sufficient minimum contacts with the State of Texas through its dealers, distributors, sales representatives, and/or online sales. Defendant's products, including the product in question, were marketed and sold to residents of the State of Texas for the purpose of being used by Texas residents, including in Dallas County, Texas. Moreover, Academy is a Texas corporation, organized under the laws of the State of Texas, with its principal place of business in Katy, Texas, and with store locations in Dallas County, Texas.

## IV.

## FACTUAL BACKGROUND

7.   On or about August 2013, Camilla Adams was using a Barnett Jackal Crossbow (the "Crossbow") in Texas. Defendant Barnett Outdoors manufactured, marketed, and distributed the Crossbow and its component parts.

8.   As Plaintiff attempted to shoot the Crossbow on or about August 2013, suddenly and without warning, the string of the Crossbow struck Plaintiff's thumb, breaking the Plaintiff's knuckle and severing her thumbnail and cuticle, causing severe damage thereto.

**PLAINTIFF'S ORIGINAL PETITION**                                              **Page 3**

EXHIBIT C-2 - Page 3 of 14

9.  There were no safety warnings, safety labels, or finger guards on the Crossbow when it was purchased, to warn and protect purchasers and users of the Crossbow, such as Plaintiff, of the unreasonably dangerous condition of the Crossbow and/or precluding purchasers and users from placing a thumb above the rail of the Crossbow. The Crossbow was also lacking a bar or other benchmark that would prevent a user's thumb or other finger from slipping or otherwise moving up and in the way of the string of the Crossbow.

10. Neither Plaintiff nor any other person altered or repaired the Crossbow after it was purchased. The Crossbow was defective at the time it was manufactured and sold. Defendant Barnett was or should have been aware of the defect in the Crossbow it designed, manufactured, sold and marketed.

11. When Defendant Academy sold the defective Crossbow, Defendant Academy knew or should have known that the Crossbow was defective and could cause severe damage similar to Plaintiff's. Yet, Defendant Academy sold the defective Crossbow anyway.

12. As a direct result of this unreasonably dangerous product, Plaintiff has experienced extreme and excruciating pain and suffering, emotional distress and mental anguish, as well as substantial medical expenses, disfigurement, deformity, and scarring, for which she seeks damages.

## V.

## CAUSES OF ACTION AGAINST DEFENDANT BARNETT OUTDOORS

### A. Strict Products Liability

13. Plaintiff incorporates herein all allegations in Paragraphs 1 through 11 above in all counts and allegations below.

**PLAINTIFF'S ORIGINAL PETITION**                                                                     **Page 4**

EXHIBIT C-2 - Page 4 of 14

14. At all material times hereto, Defendant Barnett Outdoors was a "manufacturer" of the Crossbow, as defined in Chapter 82.001(3) of the Texas Civil Practices and Remedies Code.

15. At all material times hereto, Defendant was in the business of designing, testing, approving, manufacturing, marketing, distributing, and/or selling the Crossbow that is made the basis of this lawsuit into interstate commerce, and did in fact design, test, approve, manufacture, market, distribute, and/or sell and place the Crossbow into the stream of commerce. Defendant's conduct in distributing and/or selling the Crossbow was solely for commercial purposes.

16. When the Crossbow left Defendant's control and was placed into the stream of commerce, the Crossbow was unreasonably dangerous, not suitable for its intended purpose, and unsafe by reason of Defendant's defective design, manufacture, assembly, testing, inspection, service, marketing, distribution, and/or sale of the Crossbow, and because the Crossbow was marketed, sold and distributed without adequate instructions and/or warnings regarding its defective characteristics. The Crossbow remained unchanged from the time it was originally manufactured, distributed and sold by Defendant until it reached Plaintiff.

17. Furthermore, at the time the Crossbow was placed into the stream of commerce, Defendant intended that the Crossbow would reach members of the public, such as Plaintiff, and it was, or should have been reasonably expected and foreseeable that the Crossbow would be used by persons such as Plaintiff in the manner and application in which it was being used at the time of Plaintiff's injuries, with the expectation and belief that the Crossbow was safe for its intended use.

18. On or around August 2013, the Crossbow was being operated and used for the purpose and in the manner for which it was designed, manufactured, assembled, tested, inspected, serviced,

marketed, distributed, sold and intended to be used, and in a manner foreseeable to Defendant and for which adequate and safe instructions and warnings were required to be issued.

19. Defects in the design, manufacture, assembly, instructions, manuals, and warnings, testing, inspection, service, distribution, and/or sale of the Crossbow, including but not limited to the lack of a bar, benchmark, or finger guard on the Crossbow, as well as lack of warning of the dangers thereof, caused the string of the Crossbow to suddenly and without warning sever Plaintiff's thumbnail and cuticle, resulting in injuries to Plaintiff. Plaintiff had no knowledge of this defective condition and had no reason to suspect that the Crossbow was unreasonably dangerous prior to her injuries. Defendant Barnett Outdoors, however, knew, or in the exercise of ordinary care should have known, of the Crossbow's defective design and lack of finger guard. Additionally, Defendant Barnett Outdoors failed to provide adequate warning of the dangers presented by its product as designed and manufactured.

20. There were technologically and economically feasible alternative designs available at the time the Crossbow left the control of Defendant Barnett Outdoors, that were safer than the subject design, and potential means of warning available, and that would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the utility of the Crossbow.

21. By reason of the foregoing, the Crossbow was dangerous to an extent beyond which would be contemplated by the ordinary consumer who uses it, and Defendant Barnett Outdoors is strictly liable for the damages sustained by Plaintiff. *See Restatement (Second) of Torts* Sections 402A and 402B.

22. As a result of the injuries to Plaintiff, Plaintiff has sustained damages and is entitled to recover all fair and just compensatory damages allowed by law, including past and future medical

expenses, pain and suffering, future lost wages and lost earning capacity, impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages.

## B. Negligence

23. Plaintiff incorporates herein the allegations in Paragraphs 1 through 21 above in all counts and allegations below.

24. On or before August 2013, Barnett Outdoors owed Plaintiff a duty to exercise reasonable care in the design, manufacture, assembly, testing, inspection, servicing, marketing, distributing, and/or sale of the Crossbow. Barnett Outdoors further owed Plaintiff a duty of care to warn of any condition regarding the Crossbow that could and did render the Crossbow unsafe.

25. The injuries to Plaintiff and resulting damages were proximately caused by the negligence of Barnett Outdoors, by and through its officers, agents, employees, servants and others under its employ and control, in that it breached the aforesaid duties by carelessly failing to properly design, manufacture, assemble, test, inspect, service, market, distribute and sell the Crossbow. Barnett Outdoors further breached its duties to Plaintiff by failing to detect, correct and/or warn or instruct about the dangerous and unsafe characteristics of the Crossbow.

26. Specifically, Defendant Barnett Outdoors' acts of negligence include, but are not limited to the following:

> (a)     Negligently designing the Crossbow such that a person using the Crossbow in a foreseeable manner could place his or her finger above the rail of the Crossbow;
>
> (b)      Negligently designing the Crossbow without a bar, benchmark, or finger guard that would prevent a user's fingers from moving up and in the way of the string of the Crossbow;

**PLAINTIFF'S ORIGINAL PETITION**                                                              **Page 7**

EXHIBIT C-2 - Page 7 of 14

(c)    Negligently marketing the Crossbow as safe to use without a finger guard;

(d)    Negligently marketing the Crossbow by promoting its use without a finger guard;

(e)    Negligently marketing the Crossbow by failing to adequately warn consumers of the risks and dangers associated with using the Crossbow without a finger guard, despite Defendant's actual or constructive knowledge that consumers could place their fingers above the rail of the Crossbow;

(f)    Negligently failing to test the Crossbow to ensure that consumers using it in a foreseeable manner could not place their fingers above the rail of the Crossbow; and

(g)    Negligently failing to warn Plaintiff, after the Crossbow had been purchased, that the product was unreasonably dangerous and defectively designed in that it posed a serious risk to consumers.

27. As the manufacturer of the Crossbow, Defendant Barnett Outdoors had a duty to exercise reasonable care in the design, testing, marketing, warning, and sale of the product. As the foregoing makes clear, Defendant Barnett Outdoors wholly failed in the exercise of its duties to Plaintiff.

28. As set forth herein, Barnett Outdoors proximately caused the injuries to Plaintiff. As a result of the injuries to Plaintiff, Plaintiff has sustained damages and is entitled to recover all fair and just compensatory damages allowed by law, including past and future medical expenses,

**PLAINTIFF'S ORIGINAL PETITION**                                          **Page 8**

EXHIBIT C-2 - Page 8 of 14

impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages totaling an amount in the aggregate in excess of $500,000.

29. At the time of the incident made basis of this suit, the Crossbow was in substantially the same condition as it was when it was placed into the stream of commerce. Neither Plaintiff nor any other person made any modifications to the Crossbow after it was purchased.

### C. Breach of Warranty

30. Plaintiff incorporates herein the allegations in Paragraphs 1 through 28 above in all counts and allegations below.

31. Barnett Outdoors made express warranties as to the Crossbow. Barnett Outdoors specifically warranted that the Crossbow's stock, trigger mechanism and limb assembly would be free from defects in material and workmanship. Under its warranty, Defendant agreed to repair and/or replace the warranted components during the period specified. However, the Crossbow in fact was not of the quality or condition expressly warranted by Defendant's affirmations, and was defective. Defendant breached its express warranty by providing Plaintiff with the Crossbow containing a defective finger guard, and refusing to recall the Crossbow containing such defects even after sufficient knowledge that there was a defect that could potentially cause harm to consumers such as Plaintiff.

32. Barnett Outdoors also impliedly represented and warranted to the public generally, and to Plaintiff specifically, that the Crossbow was safe, free from defects, of merchantable quality, and/or fit for its intended purpose. Barnett Outdoors warranted it would provide Plaintiff with a Crossbow that was in proper working order and that was fit for its intended purpose. Barnett Outdoors breached these representations and implied warranties because the Crossbow was defective and unsafe for Plaintiff to use.

**PLAINTIFF'S ORIGINAL PETITION**                                           **Page 9**

EXHIBIT C-2 - Page 9 of 14

33. As a result of the foregoing, Plaintiff has suffered damages that were directly and proximately caused by the Crossbow. Plaintiff is therefore entitled to damages in an aggregate amount in excess of $500,000.

## VI.

## <u>CAUSES OF ACTION AGAINST DEFENDANT ACADEMY</u>

34. Plaintiff incorporates herein the allegations in Paragraphs 1 through 32 above in all counts and allegations below.

35. Upon information and belief, Defendant Academy is strictly liable for the injuries of Camilla Adams, pursuant to Section 82.003 of the Texas Civil Practice and Remedies Code. Plaintiff has reason to believe that the actions of Academy at all times material hereto fell within the circumstances set forth in Section 82.003, under which a seller of a defective product is liable for the harm caused by the product. Specifically, that Defendant Academy's actions fall within the exceptions set forth in Section 82.003 parts (5) and (6).

36. Upon information and belief, Defendant Academy actually knew of the defect in the Crossbow at issue at the time it sold the Crossbow to Camilla Adams, because Defendant knew, among other things, of the similar previous thumb injuries users of that type of crossbow had sustained when operating them (*see* Exhibit A, attached herein) due to the crossbows' failure to contain a thumbguard or protector. Additionally, Defendant knew that the Crossbow at issue was without a thumbguard or protector. Plaintiff's harm resulted from the defect. For this reason, Defendant Academy's actions fall within the purview of Section 82.003(6) and Defendant Academy is liable to Plaintiff under this exception to § 82.003.

37. Upon information and belief Defendant Academy expressly represented to its customers that the Crossbow in question was not defective, when in fact this representation was incorrect.

Plaintiff relied on Academy's representation in obtaining and using the defective Crossbow. Had the Crossbow not been defective and contained a thumbguard or protector, Plaintiff would not have suffered the injury that is the basis of this Petition while using the Crossbow. Defendant Academy's actions fall within the purview of § 82.003(5) and Defendant Academy is liable to Plaintiff under this exception to § 82.003.

38. Furthermore, as more fully set forth herein above, the Crossbow was dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchases it, and Defendant Academy is strictly liable for the injuries of Plaintiff pursuant to the *Restatement (Second) of Torts Sections* 402A and 402B.

## VII.

## <u>CONDITIONS PRECEDENT</u>

39. All conditions precedent to Plaintiff's right to recover from Defendant have been satisfied prior to the filing of this lawsuit.

## VIII.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff Camilla Adams respectfully requests that upon trial of this cause, she recover from Defendants Barnett Outdoors and Academy the following relief:

(a)     Judgment against Defendant Barnett Outdoors for actual damages incurred by Plaintiff;

(b)     Judgment against Defendant Barnett Outdoors awarding Plaintiff pre-judgment and post judgment interest at the maximum rate permitted by law;

(c)     Judgment against Defendant Academy for actual damages incurred by Plaintiff;

**PLAINTIFF'S ORIGINAL PETITION**                                                                 **Page 11**

EXHIBIT C-2 - Page 11 of 14

(d)     Judgment against Defendant Academy awarding Plaintiff pre-judgment and post

judgment interest at the maximum rate permitted by law; and

(e)     Such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

/s/ D. Bradley Kizzia
**D. BRADLEY KIZZIA**
State Bar No. 11547550
brad@brownfoxlaw.com
**BROWN FOX KIZZIA & JOHNSON PLLC**
750 N. St. Paul Street, Suite 1320
Dallas, Texas 75201
469.893.9940
214.613.3330 FAX

**ATTORNEY FOR PLAINTIFF**

**CAMILLA ADAMS**

Dated this 19th day of June, 2015.

**PLAINTIFF'S ORIGINAL PETITION**                                                     **Page 12**

EXHIBIT C-2 - Page 12 of 14

October 27, 2010


ZURICH

VIA Email: jallen@barnettcrossbows.com
Ms. Jackie Allen
Barnett Outdoors
30955 E. Live Oak Street
Tarpon Springs, FL 34689

RE:    Claim #:          9720082161
       Insured:          Academy Ltd., Store # 29
       Date of Loss:     09/05/10
       Claimant:         Joe Soliz
       Product:          Barnett Jackal Crossbow Kit
       Item#:            #18811091
       SKU#:             0343-00258-8404

EXHIBIT A

Ms. Allen:

Please be advised that we are the general liability carrier for Academy Ltd. The purpose of this letter is to place you on notice of this claim and to make a demand upon you to assume the handling to lead investigation of this matter and include Academy, Ltd. on any settlement release. If a suit is filed, Academy, Ltd. will look to Barnett Outdoors to defend and indemnify them.

The facts are briefly stated, as we know them, the claimant was trying out a Jackal crossbow in Academy's archery range in Corpus Christi, Texas. As he squeezed the trigger of the crossbow his left thumb was struck by the string of the bow which resulted in his left thumb to sustain a cut. After the incident occurred Mr. Soliz sought medical attention at a local emergency room where they soaked his hand to removed debris from under his skin and he received seven stitches. Since the initial treatment he has had several follow up visits to his primary care provider. Mr. Soliz is a band director which requires him to use his hands and fingers. He has informed us that he has had stabbing pain and is unable to hold things with his thumb. Mr. Soliz is pursuing a claim.

The claimant's contact information is as follows:

    Soliz Joe
    P.O. Box 1703
    Premont, TX 78375
    (361)701-4573

There is a certificate of insurance which names Academy, Ltd. and its subsidiaries as an additional insured vendor. This tender is being made under the terms of that certificate. Additionally, please refer to the below statute. In addition to the insurance requirements, we believe that the "Innocent Retailer" statute will apply in

Zurich Services Corporation, Inc.

P.O. Box 968072
Schaumburg, IL 968072

Telephone (214)866-1538
(866)828-6816

Fax (866) 689-8972
Jessica.foster@zurichna.com

BARN00106

EXHIBIT C-2 - Page 13 of 14

this claim and provide statutory indemnity to Academy in the event that the claimant pursues.

## TX CIV 82.002

*(a). A manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable. (b), for purposes of this section, "loss" includes court costs and other reasonable expenses, reasonable attorneys' fees, and any reasonable damages. (c) Damages awarded by the tier of fact shall, on final judgment, be deemed reasonable for purposes of this section. (d) For purposes of this section, a wholesale distributor or retail seller who completely or partially assembles a product in accordance with the manufacturer's instructions shall be considered a seller. (e) The duty to indemnify under this section: (1) applies without regard to the manner in which the action is concluded; and (2) is in addition to any duty to indemnify established by law, contract, or otherwise. (f) A seller eligible for indemnification under this section shall give reasonable notice to the manufacturer of a product claimed in a petition or complaint to be defective, unless the manufacturer has been served as a party or otherwise has actual notice of the action. (g) A seller is entitled to recover from the manufacturer court costs and other reasonable expenses, reasonable attorney's fees, and any reasonable damages incurred by the seller to enforce the sellers right to indemnification under this section. Acts, 1993, 73rd Leg., ch. 5, 1.*

If you have not already done so, please refer this matter to your insurance carrier immediately. Please contact me within 10 days to acknowledge receipt of this demand. Please include our claim number on all forms of communication.

Sincerely,

Zurich Services Corporation

Jessica Foster
Claim Specialist

cc:     Soliz Joe
        P.O. Box 1703
        Premont, TX 78375
        (361)701-4573

        Henri Hebert
        201 West Vermillion Ste 200
        Lafeyette, LA 70501
        Via email hhebert@howardrisk.com

        American Safety Insurance
        909 S. Meridian Ave., Suite 700
        Oklahoma City, OK  73108

        Tammy Bauman
        Academy Ltd.
        1800 Mason Road
        Katy, Texas 77449
        Via Email: Tammy.Bauman@Academy.com

BARN00107

EXHIBIT C-2 - Page 14 of 14

FILED
DALLAS COUNTY
6/19/2015 10:57:14 AM
FELICIA PITRE
DISTRICT CLERK

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: DC-15-07035 _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** D. Bradley  **Email:** brad@brownfoxlaw.c | **Plaintiff(s)/Petitioner(s):**  Camilla  _____ | ☒Attorney for Plaintiff/Petitioner  ☐*Pro Se* Plaintiff/Petitioner  ☐Title IV-D Agency  ☐Other: _____ |
| **Address:** 750 N. St. Paul St., Suite 1320  **Telephone:** _____ | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Dallas, TX  **Fax:** 214/613-333 | **Defendant(s)/Respondent(s):**  Barnett Outdoors,    &  Academy , Ltd. d/b/a  Sports + | **Custodial Parent:** _____  **Non-Custodial Parent:** _____ |
| **Signature:** /s/ D. Bradley  **State Bar No:** 1154755 | [Attach additional page as necessary to list all parties] | **Presumed Father:** _____ |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| *Civil* | | | *Family Law* | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*  ☐Consumer/DTPA  ☐Debt/Contract  ☐Fraud/Misrepresentation  ☐Other Debt/Contract:  _____  *Foreclosure*  ☐Home Equity—Expedited  ☐Other Foreclosure  ☐Franchise  ☐Insurance  ☐Landlord/Tenant  ☐Non-Competition  ☐Partnership  ☐Other Contract: | ☐Assault/Battery  ☐Construction  ☐Defamation  *Malpractice*  ☐Accounting  ☐Legal  ☐Medical  ☐Other Professional  Liability:  _____  ☐Motor Vehicle Accident  ☐Premises  *Product Liability*  ☐Asbestos/Silica  ☒Other Product Liability  List Product:  _____  ☐Other Injury or Damage:  _____ | ☐Eminent Domain/  Condemnation  ☐Partition  ☐Quiet Title  ☐Trespass to Try Title  ☐Other Property:  _____ | ☐Annulment  ☐Declare Marriage Void  *Divorce*  ☐With Children  ☐No Children | ☐Enforcement  ☐Modification—Custody  ☐Modification—Other  **Title IV-D**  ☐Enforcement/Modification  ☐Paternity  ☐Reciprocals (UIFSA)  ☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction  ☐Judgment Nisi  ☐Non-Disclosure  ☐Seizure/Forfeiture  ☐Writ of Habeas Corpus—  Pre-indictment  ☐Other: _____ | ☐Enforce Foreign  Judgment  ☐Habeas Corpus  ☐Name Change  ☐Protective Order  ☐Removal of Disabilities  of Minority  ☐Other:  _____ | ☐Adoption/Adoption with  Termination  ☐Child Protection  ☐Child Support  ☐Custody or Visitation  ☐Gestational Parenting  ☐Grandparent Access  ☐Parentage/Paternity  ☐Termination of Parental  Rights  ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination  ☐Retaliation  ☐Termination  ☒Workers' Compensation  ☐Other Employment: | ☐Administrative Appeal  ☐Antitrust/Unfair  Competition  ☐Code Violations  ☐Foreign Judgment  ☐Intellectual Property | ☐Lawyer Discipline  ☐Perpetuate Testimony  ☐Securities/Stock  ☐Tortious Interference  ☐Other: _____ | | |
| **Tax** | *Probate & Mental Health* | | | |
| ☐Tax Appraisal  ☐Tax Delinquency  ☐Other Tax | *Probate/Wills/Intestate Administration*  ☐Dependent Administration  ☐Independent Administration  ☐Other Estate Proceedings | ☐Guardianship—Adult  ☐Guardianship—Minor  ☐Mental Health  ☐Other: _____ | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court  ☐Arbitration-related  ☐Attachment  ☐Bill of Review  ☐Certiorari  ☐Class Action | ☐Declaratory Judgment  ☐Garnishment  ☐Interpleader  ☐License  ☐Mandamus  ☐Post-judgment | ☐Prejudgment Remedy  ☐Protective Order  ☐Receiver  ☐Sequestration  ☐Temporary Restraining Order/Injunction  ☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

EXHIBIT C-3 - Page 1 of 1

FILED
DALLAS COUNTY
7/6/2015 12:45:15 PM
FELICIA PITRE
DISTRICT CLERK

**KIZZIA JOHNSON PLLC**
750 N. ST. PAUL STREET, SUITE 1320
DALLAS, TEXAS  75201
(W) 214.613.3350
(F) 214.613.3330
KJPLLC.COM

Amanda R. Heydrick
214-613-3350
amanda@kjpllc.com

Lantz Sandra

July 6, 2015

Clerk of Court
District Court of Dallas County
***Via Electronic Mail***

Re:    CAMILLA ADAMS vs. BARNETT OUTDOORS LLC, et al; DC-15-07035; 162nd
        District Court, Dallas County

Dear Counsel:

        Please accept this $14.00 as payment for a copy of the petition to be sent to the Texas
Secretary of State's office, so that they may serve the defendant.

        Thank you for your attention to this matter. If you have any questions, please do not hesitate
to contact me at (214) 613-3350.

                        Yours truly,


                        /s/ Amanda R. Heydrick
                        Amanda R. Heydrick
                        *Paralegal to D. Bradley Kizzia*

/arh

EXHIBIT C-4 - Page 1 of 1

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:** **ACADEMY LTD., D/B/A ACADEMY SPORTS + OUTDOORS**
**BY SERVING, M. WADE TURNER**
**1800 NORTH MASON RD.**
**KATY, TEXAS 77449**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CAMILLA ADAMS**

Filed in said Court **19th day of June, 2015** against

**BARNETT OUTDOORS LLC., ET AL**

For Suit, said suit being numbered **DC-15-07035-I,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition ,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 13th day of July, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
SPRINGE MCKINLEY

---

**ATTY**

# CITATION

## DC-15-07035-I

**CAMILLA ADAMS**
vs.
**BARNETT OUTDOORS LLC, et al**

ISSUED THIS
**13th day of July, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

---

**Attorney for Plaintiff**
D. BRADLEY KIZZIA
750 N. ST. PAUL ST
SUITE 1320
DALLAS, TEXAS 75201
214-613-3350

---

DALLAS COUNTY CONSTABLE

FEES
PAID

FEES NOT
PAID

EXHIBIT C-5 - Page 1 of 2

## OFFICER'S RETURN

Case No. : DC-15-07035

Court No.162nd District Court

Style: CAMILLA ADAMS

vs.

BARNETT OUTDOORS LLC, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____ .M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows: To certify which witness my hand.

|  |  |  |  |  |
|---|---|---|---|---|
| For serving Citation | $_____ | _____ | | |
| For mileage | $_____ | of_____ County, _____ | | |
| For Notary | $_____ | By_____ Deputy | | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

EXHIBIT C-5 - Page 2 of 2

FORM NO. 353-4—CITATION
~~THE STATE OF TEXAS~~

ATTY (SOS)

To:    BARNETT OUTDOORS LLC
       BY SERVING THE SECRETARY OF STATE
       OFFICE OF THE SECRETARY OF STATE
       CITATIONS UNIT - P.O. BOX 12079
       AUSTIN, TX, 78711

CITATION

No.: DC-15-07035-I

CAMILLA ADAMS
VS.
BARNETT OUTDOORS LLC, ET AL

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with   the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and  petition, a default judgment may be taken against you.
 Your answer should be addressed to the clerk of the **162nd District Court**
at 600 Commerce Street, Dallas, Texas 75202.

ISSUED
ON THIS THE 13TH DAY OF JULY, 2015

Said **PLAINTIFF** being **CAMILLA ADAMS**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

Filed in said Court 19th day of June, 2015 against
 **BARNETT OUTDOORS LLC., ET AL**

By **SPRINGE MCKINLEY**, Deputy

 For suit, said suit being numbered  **DC-15-07035-I**  the nature of which demand is as follows:
 Suit On  **OTHER PERSONAL INJURY** etc.
as shown on said petition        , a copy of which accompanies this citation. If this citation is not served, it shall be
returned unexecuted.

Attorney for : Plaintiff
 **D. BRADLEY KIZZIA**
 **750 N. ST. PAUL STREET**
 **SUITE 1320**
 **DALLAS, TEXAS  75201**
 **469-893-9940**

WITNESS: FELICIA PITRE, Clerk, of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office **on this the 13th day of July, 2015**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

                          , Deputy
              **SPRINGE MCKINLEY**

DALLAS COUNTY CONSTABLE

FEES
PAID      FEES NOT
          PAID

EXHIBIT C-6 - Page 1 of 2

**OFFICER'S RETURN
FOR INDIVIDUALS**

Cause No. DC-15-07035

Court No: 162nd District Court

Style: CAMILLA ADAMS
vs.
BARNETT OUTDOORS LLC, et al

Received this Citation the _____ day of _____, 20____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock, by
delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original
petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN
FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20____ at _____ o'clock ___.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock ____ .M. by summoning
the within named Corporation, _____ by delivering to _____
_____ President - Vice President - Registered Agent - in person, of the said
_____
a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.
----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness by my hand.
For Serving Citation     $_____          Sheriff_____
For Mileage              $_____          County of_____
For Notary               $_____          State of_____
    Total Fees           $_____          By_____

(Must be verified if served outside the State of Texas)
State of_____
County of_____
    Signed and sworn to me by the said_____ before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.


                    Seal                                            State & County of

EXHIBIT C-6 - Page 2 of 2

FILED
DALLAS COUNTY
8/27/2015 1:40:37 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

## OFFICER'S RETURN

Case No. : DC-15-07035

Court No.162nd District Court

Style: CAMILLA ADAMS

vs.

BARNETT OUTDOORS LLC, et al

Came to hand on the ___10___ day of ___August___, 20 _15_ . at ___5___ o'clock _P_ .M. Executed at _1800 N. Mason Rd._
within the County of _Harris_ at _1:41p_ o'clock _P_ .M. on the _11_ day of _August_  _Katy Tx 77449_
20 _15_ . by delivering to the within named

_Wade Turner Thru his designated Assistant_
_Enedia Centeno Legal Assistant_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____. | _Renée E. Lovelace_ |
| For mileage | $_____. | of _Fort Bend_ County, _#799 exp 7/31/17_ |
| For Notary | $_____. | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _Renée Lovelace_ before me this _12_ day of _August_ , 20 _15_ .

to certify which witness my hand and seal of office.

_Candyss G Churchwell_

Notary Public_____ County _Harris_

CANDYSS G. CHURCHWELL
MY COMMISSION EXPIRES
April 25, 2018

EXHIBIT C-7 - Page 1 of 2

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   ACADEMY LTD., D/B/A ACADEMY SPORTS + OUTDOORS
      BY SERVING, M. WADE TURNER
      1800 NORTH MASON RD.
      KATY, TEXAS 77449

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the
clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being CAMILLA ADAMS

Filed in said Court **19th day of June, 2015** against

**BARNETT OUTDOORS LLC., ET AL**

For Suit, said suit being numbered **DC-15-07035-I**, the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition ,
a copy of which accompanies this citation. If this citation is not served, it shall be returned
unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 13th day of July, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

                    By _____ , Deputy
                         SPRINGE MCKINLEY

---

**ATTY**

# CITATION

## DC-15-07035-I

**CAMILLA ADAMS**
vs.
**BARNETT OUTDOORS LLC, et al**

ISSUED THIS
**13th day of July, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
D. BRADLEY KIZZIA
750 N. ST. PAUL ST
SUITE 1320
DALLAS, TEXAS 75201
214-613-3350

DALLAS COUNTY CONSTABLE
FEES PAID     FEES NOT PAID

EXHIBIT C-7 - Page 2 of 2

CAUSE NO. DC-15-07035

| | | |
|---|---|---|
| CAMILLA ADAMS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| BARNETT OUTDOORS LLC, and | § | |
| ACADEMY, LTD., | § | |
| | § | |
| Defendants. | § | 162ND JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF BARNETT OUTDOORS LLC

Defendant Barnett Outdoors LLC ("Barnett") hereby files its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1.     Pursuant to Texas Rule of Civil Procedure 92, Barnett pleads a general denial with respect to the allegations in Plaintiff's Original Petition and any amendments or supplements thereto, and demands that Plaintiff prove such allegations by a preponderance of the evidence or such heightened burden as the law may require.

### II.
### AFFIRMATIVE AND ADDITIONAL DEFENSES

Pursuant to Texas Rules of Civil Procedure 84, 85 and 94, Barnett asserts the following affirmative and additional defenses:

1.     Plaintiff's Original Petition fails in whole or in part to state a claim upon which relief can be granted against Barnett.

2.     Some or all of Plaintiff's claims are barred by the Plaintiff's assumption of the risk.

3.     Some or all of Plaintiff's claims are barred by the last clear chance doctrine.

4.      Some or all of Plaintiff's claims are barred or reduced by the contributory or comparative negligence of Camilla Adams and are subject to the doctrines of proportionate responsibility and contribution provided in Texas Civil Practice & Remedies Code §33.001 *et seq*.

5.      The alleged injuries and damages of Camilla Adams were caused by events, conditions, instrumentalities, and/or acts or omissions of others over whom Barnett exercised no control.

6.      The product at issue conformed to the state-of-the-art for the design and manufacture of similar products at all times relevant to this action and the design and manufacture of the product at issue.

7.      The product at issue was not unreasonably dangerous, given the state of knowledge regarding such products at all times relevant to this action.

8.      The product at issue complied with customary industry standards.

9.      Plaintiff's recovery, if any, should be reduced by, and is subject to set off for, any collateral payments.

10.    Plaintiff's claims are barred by the open and obvious doctrine.

11.    Plaintiff's claims may be reduced or barred by the unforeseeable misuse of the subject product by Camilla Adams.

12.    Barnett reserves its right to raise any additional affirmative defenses as may be revealed by discovery or investigation in this action.

### III.
### <u>REQUEST FOR DISCLOSURE</u>

13.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Barnett requests that Plaintiff disclose, within thirty days of service of this request, the information or material described in Rule 194.2.

### IV.
### <u>PRAYER</u>

WHEREFORE, Defendant, Barnett Outdoors LLC, requests that Plaintiff take nothing by way of her claims, and requests such other and further relief to which Barnett Outdoors LLC may show itself justly entitled.

Respectfully submitted,

*/s/ James D. Jordan*
James D. Jordan, Bar No. 11012380
Curt M. Covington, Bar No. 24053648

MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard Street, Suite 3800
Dallas, Texas 75201-6659
Phone: (214) 855-7500
Fax: (214) 855-7584
E-mail: jjordan@munsch.com
E-mail: ccovington@munsch.com

—Of Counsel—
Christopher T. Sheean
Swanson, Martin & Bell LLP
330 N. Wabash Ave.
Suite 3300
Chicago, Illinois 60611
T: (312) 222-8559
F: (312) 321-0990
csheean@smbtrials.com

ATTORNEYS FOR DEFENDANT BARNETT
OUTDOORS LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served via ESERVICE and first class mail on this 14th day of September, 2015, to:

D. Bradley Kizzia
brad@brownfoxlaw.com
Brown Fox Kizzia & Johnson PLLC
750 N. St. Paul St., Ste. 1320
Dallas, Texas 75201
469-893-9940
214.613.3330 FAX

*/s/ James D. Jordan*
James D. Jordan

FILED
DALLAS COUNTY
9/14/2015 8:29:26 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-00371-M   Document 1-3   Filed 02/10/16   Page 32 of 67   PageID 46

CAUSE NO. DC-15-07035

| | | |
|---|---|---|
| CAMILLA ADAMS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| BARNETT OUTDOORS LLC, and | § | |
| ACADEMY, LTD., | § | |
| | § | |
| Defendants. | § | 162ND JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF
## ACADEMY, LTD. D/B/A ACADEMY SPORTS + OUTDOORS

Defendant Academy, Ltd. d/b/a Academy Sports + Outdoors ("Academy") hereby files its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1.      Pursuant to Texas Rule of Civil Procedure 92, Academy pleads a general denial with respect to the allegations in Plaintiff's Original Petition and any amendments or supplements thereto, and demands that Plaintiff prove such allegations by a preponderance of the evidence or such heightened burden as the law may require.

### II.
### AFFIRMATIVE AND ADDITIONAL DEFENSES

Pursuant to Texas Rules of Civil Procedure 84, 85 and 94, Academy asserts the following affirmative and additional defenses:

1.      Plaintiff's Original Petition fails in whole or in part to state a claim upon which relief can be granted against Academy.

**ORIGINAL ANSWER OF ACADEMY, LTD. D/B/A ACADEMY SPORTS + OUTDOORS**      **PAGE 1**

2.      Some or all of Plaintiff's claims are barred by the Plaintiff's assumption of the risk.

3.      Some or all of Plaintiff's claims are barred by the last clear chance doctrine.

4.      Some or all of Plaintiff's claims are barred or reduced by the contributory or comparative negligence of Camilla Adams and are subject to the doctrines of proportionate responsibility and contribution provided in Texas Civil Practice & Remedies Code §33.001 *et seq*.

5.      The alleged injuries and damages of Camilla Adams were caused by events, conditions, instrumentalities, and/or acts or omissions of others over whom Academy exercised no control.

6.      The product at issue conformed to the state-of-the-art for the design and manufacture of similar products at all times relevant to this action and the design and manufacture of the product at issue.

7.      The product at issue was not unreasonably dangerous, given the state of knowledge regarding such products at all times relevant to this action.

8.      The product at issue complied with customary industry standards.

9.      Plaintiff's recovery, if any, should be reduced by, and is subject to set off for, any collateral payments.

10.      Plaintiff's claims are barred by the open and obvious doctrine.

11.      Plaintiff's claims may be reduced or barred by the unforeseeable misuse of the subject product by Camilla Adams.

12.      Academy has no liability to Plaintiff because it did not design, manufacture or sell the product at issue.

13.     Plaintiff's claims against Academy are barred by Texas Civil Practice & Remedies Code Section 82.003 because Academy is a non-manufacturing seller.

14.     Academy reserves its right to raise any additional affirmative defenses as may be revealed by discovery or investigation in this action.

### III.
### REQUEST FOR DISCLOSURE

15.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Academy requests that Plaintiff disclose, within thirty days of service of this request, the information or material described in Rule 194.2.

### IV.
### PRAYER

WHEREFORE, Defendant, Academy, Ltd. d/b/a Academy Sports + Outdoors, requests that Plaintiff take nothing by way of her claims, and requests such other and further relief to which Academy, Ltd. d/b/a Academy Sports + Outdoors may show itself justly entitled.

Respectfully submitted,

/s/ James D. Jordan
James D. Jordan, Bar No. 11012380
Curt M. Covington, Bar No. 24053648

MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard Street, Suite 3800
Dallas, Texas 75201-6659
Phone: (214) 855-7500
Fax: (214) 855-7584
E-mail: jjordan@munsch.com
E-mail: ccovington@munsch.com

—Of Counsel—
Christopher T. Sheean
Swanson, Martin & Bell LLP
330 N. Wabash Ave.
Suite 3300
Chicago, Illinois 60611
T: (312) 222-8559
F: (312) 321-0990
csheean@smbtrials.com

ATTORNEYS FOR DEFENDANT ACADEMY,
LTD. D/B/A ACADEMY SPORTS + OUTDOORS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via ESERVICE and first class mail on this 14th day of September, 2015, to:

D. Bradley Kizzia
brad@brownfoxlaw.com
Brown Fox Kizzia & Johnson PLLC
750 N. St. Paul St., Ste. 1320
Dallas, Texas 75201
469-893-9940
214.613.3330 FAX

/s/ James D. Jordan
James D. Jordan

4231
000895

CAUSE NO. DC-15-07035

| | |
|---|---|
| **CAMILLA ADAMS** | In the District Court |
| vs. | Dallas County, Texas |
| **BARNETT OUTDOORS LLC, et al** | **162nd District Court** |

**162nd UNIFORM SCHEDULING ORDER (LEVEL 3)**
(Revised for the 162nd District Court September 16, 2015)

   In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control the schedule of this cause.

   1.  This case will be ready and is set for Non-Jury trial on 12/05/2016 at 9:00 a.m. (the "Initial Trial Setting"). Reset or continuance of the Initial Trial Setting will not alter any deadline in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order. All parties are required to announce for trial on the Thursday before their trial begins on Tuesday at 9:30 a.m. Failure to announce by 10:30 a.m. on the Friday before the designated trial setting may result in Dismissal of the case. Cases not reached on the designated trial date are to be ready for trial on a 24-hour notice during their two-week trial docket. If not reached as set, the case will be carried to the next week.

   2.  Pretrial matters will be complete by the following dates:

a. amended pleadings asserting
  new causes of action or defenses ..................120 days before the Initial Trial Setting
b. fact discovery closes ......................................105 days before the Initial Trial Setting
c. party seeking affirmative relief to designate
  experts & provide reports ..............................105 days before the Initial Trial Setting
d. party opposing affirmative relief to designate
  experts & provide reports ..............................90 days before the Initial Trial Setting
e. designation of rebuttal experts
  & provide reports ...........................................75 days before the Initial Trial Setting
f. all expert discovery closes.............................45 days before the Initial Trial Setting
g. other amended pleadings ...............................45 days before the Initial Trial Setting

The parties may by written agreement alter these deadlines. Amended pleadings responsive to timely filed pleadings under this schedule may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond. Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.

   3.  Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of expert discovery, or such objection is waived. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of fact discovery) must be filed no later than seven (7) days after the close of fact discovery or such complaint is waived, except for the sanction of exclusion under Rule 193.6

1

EXHIBIT C-10 - Page 1 of 2

4. Each side may have 75 hours of depositions and each party may have 50 interrogatories, subject to the conditions of Rule 190.3(b)(2) and (3).

5. No additional parties may be joined more than eight (8) months after the commencement of this case except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6. The parties shall mediate this case no later than thirty (30) days before the Initial Trial Setting, unless otherwise provided by court order. Named parties shall be present during the entire mediation process and each corporate party must be represented by an executive officer or corporate representative with authority to negotiate a settlement.

X Unless, within 14 days of the date of this Order, the parties file a Joint Notice of Agreed Upon Substitute Mediator **or** a Joint Motion Requesting Appointment of Mediator Pursuant to Civil Practice & Remedies Code § 37.004 (revised and effective September 1, 2015), the parties agree to mediate this case with MELODEE ARMSTRONG @ Work: 214-573-2590, Fax: 469-484-5004 . Any Joint Motion Requesting Appointment of Mediator should include a brief description of the nature of the dispute, and any novel legal, language, demographic, or other issues the parties desire to have the Court consider in appointing a mediator. The provisions contained herein regarding mediation will be strictly enforced. Parties violating the requirements of this Order will be required to show cause why they are in violation of same.

7. Fourteen (14) days before the Initial Trial Setting, the parties shall exchange designations of deposition testimony to be offered in direct examination and a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Ten (10) days before the Initial Trial Setting, the parties shall exchange in writing their objections to the opposing party's proposed exhibits, including objections under Rule 193.7, and deposition testimony. On or before ten (10) days before the Initial Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters. By noon on the Thursday before the Initial Trial Setting, the parties shall file with the Court the materials stated in Rule 166(d)-(m), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine. Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

Plaintiff/Plaintiff's counsel shall serve a copy of this order on any currently named defendants answering after the date of this order.

SIGNED  23rd  DAY OF SEPTEMBER, 2015.

**District Judge**

FILED
DALLAS COUNTY
1/13/2016 4:20:32 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-00371-M   Document 1-3   Filed 02/10/16   Page 38 of 67   PageID 52

## CAUSE NO. DC-15-07035

| | | |
|---|---|---|
| CAMILLA ADAMS, DONNIE SOUTH, DAVEN CHAPA, RUSSELL RICHMAN and NICHOLAS BALTHROP | § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § | |
| VS. | § § | DALLAS COUNTY, TEXAS |
| BARNETT OUTDOORS LLC, AND ACADEMY, LTD. and BASS PRO OUTDOOR WORLD, L.L.C., | § § § § | |
| **Defendants.** | § | 162nd JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiffs, Camilla Adams, Donnie South, Daven Chapa, Russell Richman, and Nicholas Balthrop ("Plaintiffs"), and files this, their First Amended Original Petition complaining of and about Defendants Barnett Outdoors, LLC ("Defendant" or "Barnett Outdoors") and Academy, Ltd. d/b/a Academy Sports + Outdoors ("Academy") and Bass Pro Outdoor World, L.L.C., ("Bass Pro") individually and/or as joint tortfeasors (collectively referred to as "Defendants"), and for causes of action would respectfully show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3 in accordance with Rule 190.4 of the Texas Rules of Civil Procedure.

2. In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs state that they are seeking monetary relief of over $1,000,000.00 to which Plaintiffs are entitled.

**PLAINTIFFS' FIRST**
**AMENDED ORIGINAL PETITION**                                          Page 1

EXHIBIT C-11 - Page 1 of 19

## II.

## PARTIES

3. Plaintiff Camilla Adams is an individual resident of Dallas County, Texas.

4. Plaintiff Donnie South is an individual resident of the State of Texas.

5. Plaintiff Daven Chapa is an individual resident of Dallas County, Texas.

6. Plaintiff Russell Richman is an individual resident of the State of Texas.

7. Plaintiff Nicholas Balthrop is an individual resident of Dallas County, Texas.

8. Defendant Barnett Outdoors, LLC has answered and appeared herein.

9. Defendant Academy Ltd., d/b/a Academy Sports + Outdoors ("Academy"), is a limited partnership organized and existing under the laws of the State of Texas, with its principal place of business located in Texas, has answered and appeared herein.

10. Upon information and belief, Defendant Bass Pro Outdoor World, L.L.C is a limited liability company having its principal place of business in Missouri. Defendant Bass Pro Outdoor World, L.L.C has, at all times material hereto, been doing business in the State of Texas by selling, and distributing crossbows and other goods through its distributors and sales force within this State, including the defective crossbow that Defendant sold to Plaintiff South and which caused his injury, thereby committing a tort in Texas. Service of citation may be made by serving upon Bass Pro Outdoor World, L.L.C.'s registered agent of service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201

## III.

## JURISDICTION AND VENUE

11. Venue is proper in Dallas County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.001 *et seq.* because three of the Plaintiffs reside in Dallas County, Texas at the time the

**PLAINTIFFS' FIRST**
**AMENDED ORIGINAL PETITION**                                                                 **Page 2**

EXHIBIT C-11 - Page 2 of 19

causes of action accrued. Plaintiff South purchased the defective crossbow that caused his injury from Defendant Bass Pro in Dallas County. Thus, a substantial amount of the events giving rise to this suit occurred in Dallas County, Texas. Further, Defendant Bass Pro conducts a substantial amount of business within the State of Texas and has sufficient minimum contacts with the State of Texas through its dealers, distributors, sales representatives, and/or online sales. Said Defendants' products, including the product in question, were marketed and sold to residents of the State of Texas for the purpose of being used by Texas residents, including in Dallas County, Texas. Moreover, the defective product in question was sold to Plaintiff South by Defendant Bass Pro at one of its stores in Dallas County, Texas.

IV.

**FACTUAL BACKGROUND**

**ADAMS**

12. On or about August 2013, Camilla Adams was using a Barnett Jackal Crossbow (the "Crossbow") in Texas. Defendant Barnett Outdoors manufactured, marketed, and distributed the Crossbow and its component parts.

13. As Plaintiff attempted to shoot the Crossbow on or about August 2013, suddenly and without warning, the string of the Crossbow struck Plaintiff's thumb, breaking the Plaintiff's knuckle and severing her thumbnail and cuticle, causing severe damage thereto.

14. There were no safety warnings, safety labels, or finger guards on the Crossbow when it was purchased, to warn and protect purchasers and users of the Crossbow, such as Plaintiff, of the unreasonably dangerous condition of the Crossbow and/or precluding purchasers and users from placing a thumb above the rail of the Crossbow. The Crossbow was also lacking a bar,

**PLAINTIFFS' FIRST**
**AMENDED ORIGINAL PETITION**                                          Page 3

EXHIBIT C-11 - Page 3 of 19

guard, or other benchmark that would prevent a user's thumb or other finger from slipping or otherwise moving up and in the way of the string of the Crossbow.

15. Neither Plaintiff nor any other person altered or repaired the Crossbow after it was purchased. The Crossbow was defective at the time it was manufactured and sold. Defendant Barnett was or should have been aware of the defect in the Crossbow it designed, manufactured, sold and marketed.

16. When Defendant Academy sold the defective Crossbow, Defendant Academy knew or should have known that the Crossbow was defective and could cause severe damage similar to Plaintiff's. Yet, Defendant Academy sold the defective Crossbow anyway.

17. As a direct result of this unreasonably dangerous product, Plaintiff has experienced extreme and excruciating pain and suffering, emotional distress and mental anguish, as well as substantial medical expenses, disfigurement, deformity, and scarring, for which she seeks damages.

## SOUTH

18. On or about October 10, 2015, Donnie South was using a Barnett Jackal Crossbow (the "Crossbow") in Texas. Defendant Barnett Outdoors manufactured, marketed, and distributed the Crossbow and its component parts.

19. As Plaintiff attempted to shoot the Crossbow on or about October 10, 2015, suddenly and without warning, the string of the Crossbow struck Plaintiff's thumb, and severing his left thumb, nerve and cuticle, causing severe damage thereto.

20. There were no safety warnings, safety labels, or finger guards on the Crossbow when it was purchased, to warn and protect purchasers and users of the Crossbow, such as Plaintiff, of the unreasonably dangerous condition of the Crossbow and/or precluding purchasers and users

**PLAINTIFFS' FIRST**
**AMENDED ORIGINAL PETITION**                                                           Page 4

EXHIBIT C-11 - Page 4 of 19

from placing a thumb above the rail of the Crossbow. The Crossbow was also lacking a bar or other benchmark that would prevent a user's thumb or other finger from slipping or otherwise moving up and in the way of the string of the Crossbow.

21. Neither Plaintiff nor any other person altered or repaired the Crossbow after it was purchased. The Crossbow was defective at the time it was manufactured and sold. Defendant Barnett was or should have been aware of the defect in the Crossbow it designed, manufactured, sold and marketed.

22. When Defendant Bass Pro sold the defective Crossbow, Defendant Bass Pro knew or should have known that the Crossbow was defective and could cause severe damage similar to Plaintiff's.  Yet, Defendant Bass Pro sold the defective Crossbow anyway.

23. As a direct result of this unreasonably dangerous product, Plaintiff has experienced extreme and excruciating pain and suffering, emotional distress and mental anguish, as well as substantial medical expenses, disfigurement, deformity, and scarring, for which he seeks damages.

## CHAPA

24.  On or about October 29, 2015, Plaintiff Chapa was using a Barnett Predator Crossbow (the "Crossbow") in Texas. Defendant Barnett Outdoors manufactured, marketed, and distributed the Crossbow and its component parts.

25.  As Plaintiff attempted to shoot the Crossbow on or about October 2015, suddenly and without warning, the string of the Crossbow struck Plaintiff's thumb, and severing his left thumb, nerve and cuticle, causing severe damage thereto.

26. The single safety warning on the Crossbow was extremely inadequate when it was purchased, to warn and protect purchasers and users of the Crossbow, such as Plaintiff, of the

**PLAINTIFFS' FIRST**
**AMENDED ORIGINAL PETITION**                                                                                  Page 5

EXHIBIT C-11 - Page 5 of 19

unreasonably dangerous condition of the Crossbow.  Further, the Crossbow was also lacking a bar, guard, or benchmark when it was purchased that would warn and/or prevent a user's thumb or other finger from slipping or otherwise moving up and in the way of the string of the Crossbow.

27. Neither Plaintiff nor any other person altered or repaired the Crossbow after it was purchased. The Crossbow was defective at the time it was manufactured and sold. Defendant Barnett was or should have been aware of the defect in the Crossbow it designed, manufactured, sold and marketed.

28. As a direct result of this unreasonably dangerous product, Plaintiff has experienced extreme and excruciating pain and suffering, emotional distress and mental anguish, as well as substantial medical expenses, disfigurement, deformity, and scarring, for which he seeks damages.

## RICHMAN

29. On or about November 8, 2014, Richman was using a Barnett Jackal Crossbow (the "Crossbow") in Texas. Defendant Barnett Outdoors manufactured, marketed, and distributed the Crossbow and its component parts.

30.  As Plaintiff attempted to shoot the Crossbow on or about November 8, 2014, suddenly and without warning, the string of the Crossbow struck Plaintiff's thumb, causing severe damage thereto.

31. There were no safety warnings, safety labels, or finger guards on the Crossbow when it was purchased, to warn and protect purchasers and users of the Crossbow, such as Plaintiff, of the unreasonably dangerous condition of the Crossbow and/or precluding purchasers and users from placing a thumb above the rail of the Crossbow. The Crossbow was also lacking a bar,

guard, or other benchmark that would prevent a user's thumb or other finger from slipping or otherwise moving up and in the way of the string of the Crossbow.

32. Neither Plaintiff nor any other person altered or repaired the Crossbow after it was purchased. The Crossbow was defective at the time it was manufactured and sold. Defendant Barnett was or should have been aware of the defect in the Crossbow it designed, manufactured, sold and marketed.

33. As a direct result of this unreasonably dangerous product, Plaintiff has experienced extreme and excruciating pain and suffering, emotional distress and mental anguish, as well as substantial medical expenses, disfigurement, deformity, and scarring, for which he seeks damages.

## BALTHROP

34. On or about September 3, 2014, Balthrop, was using a Barnett Jackal Crossbow (the "Crossbow") in Texas. Defendant Barnett Outdoors manufactured, marketed, and distributed the Crossbow and its component parts.

35. As Plaintiff attempted to shoot the Crossbow on or about September 3, 2014, suddenly and without warning, the string of the Crossbow struck Plaintiff's thumb, causing severe damage thereto.

36. There were no safety warnings, safety labels, or finger guards on the Crossbow when it was purchased, to warn and protect purchasers and users of the Crossbow, such as Plaintiff, of the unreasonably dangerous condition of the Crossbow and/or precluding purchasers and users from placing a thumb above the rail of the Crossbow. The Crossbow was also lacking a bar, guard, or other benchmark that would prevent a user's thumb or other finger from slipping or otherwise moving up and in the way of the string of the Crossbow.

37. Neither Plaintiff nor any other person altered or repaired the Crossbow after it was purchased. The Crossbow was defective at the time it was manufactured and sold. Defendant Barnett was or should have been aware of the defect in the Crossbow it designed, manufactured, sold and marketed.

38. As a direct result of this unreasonably dangerous product, Plaintiff has experienced extreme and excruciating pain and suffering, emotional distress and mental anguish, as well as substantial medical expenses, disfigurement, deformity, and scarring, for which he seeks damages.

## V.

## CAUSES OF ACTION AGAINST DEFENDANT BARNETT OUTDOORS

### A. Strict Products Liability

39. Plaintiffs incorporate herein all allegations in Paragraphs 1 through 37 above in all counts and allegations below.

40. At all material times hereto, Defendant Barnett Outdoors was a "manufacturer" of the Crossbows, as defined in Chapter 82.001(3) of the Texas Civil Practices and Remedies Code.

41. At all material times hereto, Defendants were the business of designing, testing, approving, manufacturing, marketing, distributing, and/or selling the Crossbows that are made the basis of this lawsuit into interstate commerce, and did in fact design, test, approve, manufacture, market, distribute, and/or sell and place the Crossbows into the stream of commerce. Defendant's conduct in distributing and/or selling the Crossbows was solely for commercial purposes.

42. When the Crossbows left Defendants' control and were placed into the stream of commerce, the Crossbows were unreasonably dangerous, not suitable for its intended purpose, and unsafe

by reason of Defendants' defective design, manufacture, assembly, testing, inspection, service, marketing, distribution, and/or sale of the Crossbows, and because the Crossbows were marketed, sold and distributed without adequate instructions and/or warnings regarding its defective characteristics. The Crossbows remained unchanged from the time they were originally manufactured, distributed and sold by Defendants until they reached Plaintiffs.

43. Furthermore, at the time the Crossbows were placed into the stream of commerce, Defendants intended that the Crossbows would reach members of the public, such as Plaintiffs, and it was, or should have been reasonably expected and foreseeable that the Crossbows would be used by persons such as Plaintiffs in the manner and application in which they were being used at the time of Plaintiffs' injuries, with the expectation and belief that the Crossbows were safe for their intended use.

44. On the occasions in question, the Crossbows were being operated and used for the purpose and in the manner for which they were designed, manufactured, assembled, tested, inspected, serviced, marketed, distributed, sold and intended to be used, and in a manner foreseeable to Defendants and for which adequate and safe instructions and warnings were required to be issued.

45. Defects in the design, manufacture, assembly, instructions, manuals, and warnings, testing, inspection, service, distribution, and/or sale of the Crossbows, including but not limited to the lack of a bar, benchmark, or finger guard on the Crossbows, as well as lack of warning of the dangers thereof, caused the string of the Crossbows to suddenly and without warning sever Plaintiffs' thumbs, thumbnails, knuckle, nerves, and/or cuticles, resulting in injuries to Plaintiffs. Plaintiffs had no knowledge of this defective condition and had no reason to suspect that the Crossbows were unreasonably dangerous prior to their injuries. Defendant Barnett

**PLAINTIFFS' FIRST**
**AMENDED ORIGINAL PETITION**                                                      Page 9

EXHIBIT C-11 - Page 9 of 19

Outdoors, however, knew, or in the exercise of ordinary care should have known, of the Crossbows' defective design and lack of finger guard. Additionally, Defendant Barnett Outdoors failed to provide adequate warning of the dangers presented by its product as designed and manufactured.

46. There were technologically and economically feasible alternative designs available at the time the Crossbows left the control of Defendant Barnett Outdoors, that were safer than the subject design, and potential means of warning available, and that would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the utility of the Crossbow.

47. By reason of the foregoing, the Crossbows were dangerous to an extent beyond which would be contemplated by the ordinary consumer who uses it, and Defendant Barnett Outdoors is strictly liable for the damages sustained by Plaintiff. *See Restatement (Second) of Torts* Sections 402A.

48. As a result of the injuries to Plaintiffs, Plaintiffs have sustained damages and are entitled to recover all fair and just compensatory damages allowed by law, including past and future medical expenses, pain and suffering, future lost wages and lost earning capacity, impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages.

**B. Negligence**

49. Plaintiffs incorporate herein the allegations in Paragraphs 1 through 48 above in all counts and allegations below.

50. On the occasions in question, Barnett Outdoors owed Plaintiffs a duty to exercise reasonable care in the design, manufacture, assembly, testing, inspection, servicing, marketing, distributing, and/or sale of the Crossbows. Barnett Outdoors further owed Plaintiffs a duty of

care to warn of any condition regarding the Crossbows that could and did render the Crossbows unsafe.

51. The injuries to Plaintiffs and resulting damages were proximately caused by the negligence of Barnett Outdoors, by and through its officers, agents, employees, servants and others under its employ and control, in that it breached the aforesaid duties by carelessly failing to properly design, manufacture, assemble, test, inspect, service, market, distribute and sell the Crossbows. Barnett Outdoors further breached its duties to Plaintiffs by failing to detect, correct and/or warn or instruct about the dangerous and unsafe characteristics of the Crossbows.

52. Specifically, Defendant Barnett Outdoors' acts of negligence include, but are not limited to the following:

    (a)    Negligently designing the Crossbows such that a person using the Crossbows in a foreseeable manner could place his or her finger above the rail of the Crossbows;

    (b)    Negligently designing the Crossbows without a bar, benchmark, or finger guard that would prevent a user's fingers from moving up and in the way of the string of the Crossbows;

    (c)    Negligently marketing the Crossbows as safe to use without a finger guard;

    (d)    Negligently marketing the Crossbows by promoting their use without a finger guard;

    (e)    Negligently marketing the Crossbows by failing to adequately warn consumers of the risks and dangers associated with using the Crossbows without finger guards, despite Barnett Outdoors's actual or constructive

knowledge that consumers could place, and had placed their fingers above the rail of the Crossbows;

(f)   Negligently failing to test the Crossbows to ensure that consumers using them in a foreseeable manner could not place their fingers above the rail of the Crossbows; and

(g)   Negligently failing to warn Plaintiffs, after the Crossbows had been purchased, that the products were unreasonably dangerous and defectively designed in that they posed a serious risk to consumers.

53. As the manufacturer of the Crossbows, Defendant Barnett Outdoors had a duty to exercise reasonable care in the design, testing, marketing, warning, and sale of the product. As the foregoing makes clear, Defendant Barnett Outdoors wholly failed in the exercise of its duties to Plaintiff.

54. As set forth herein, Barnett Outdoors proximately caused the injuries to Plaintiffs. As a result of the injuries to Plaintiffs, each Plaintiff has sustained damages and is entitled to recover all fair and just compensatory damages allowed by law, including past and future medical expenses, impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages totaling an amount in the aggregate in excess of $500,000.

55. At the time of the incident made basis of this suit, the Crossbows were in substantially the same condition as they were when they were placed into the stream of commerce. Neither Plaintiffs nor any other persons made any modifications to the Crossbows after they were purchased.

**PLAINTIFFS' FIRST**
**AMENDED ORIGINAL PETITION**                                    Page 12

EXHIBIT C-11 - Page 12 of 19

## C. Breach of Warranty

56. Plaintiff incorporates herein the allegations in Paragraphs 1 through 55 above in all counts and allegations below.

57. Barnett Outdoors made express warranties as to the Crossbows. Barnett Outdoors specifically warranted that the Crossbows' stocks, trigger mechanisms and limb assemblies would be free from defects in material and workmanship. Under its warranty, Barnett Outdoors agreed to repair and/or replace the warranted components during the period specified. However, the Crossbows in fact were not of the quality or condition expressly warranted by Barnett's affirmations, and were defective. Barnett Outdoors breached its express warranty by providing Plaintiffs with Crossbows containing a defective finger guard, and refusing to recall the Crossbows containing such defects even after sufficient knowledge that there was a defect that could potentially cause harm to consumers such as Plaintiffs.

58. Barnett Outdoors also impliedly represented and warranted to the public generally, and to Plaintiffs specifically, that the Crossbows were safe, free from defects, of merchantable quality, and/or fit for their intended purpose. Barnett Outdoors warranted it would provide Plaintiffs with a Crossbow that was in proper working order and that was fit for its intended purpose. Barnett Outdoors breached these representations and implied warranties because the Crossbows were defective and unsafe for Plaintiffs to use.

59. As a result of the foregoing, Plaintiffs have suffered damages that were directly and proximately caused by the Crossbows. Plaintiffs are therefore entitled to damages in an aggregate amount in excess of $500,000.

## VI.

## CAUSES OF ACTION AGAINST DEFENDANTS ACADEMY AND BASS PRO

60. Plaintiffs incorporate herein the allegations in Paragraphs 1 through 59 above in all counts and allegations below.

61. Upon information and belief, Defendants Academy and Bass Pro are strictly liable for the injuries of Camilla Adams and Donnie South pursuant to Section 82.003 of the Texas Civil Practice and Remedies Code. Said Plaintiffs have reason to believe that the actions of Academy and Bass Pro at all times material hereto fell within the circumstances set forth in Section 82.003, under which a seller of a defective product is liable for the harm caused by the product. Specifically, that Defendants' actions fall within the exceptions set forth in Section 82.003 parts (5) and (6).

62. Upon information and belief, Defendant Academy and Bass Pro actually knew of the defect in the Crossbows at issue at the time it sold the Crossbows. Defendants knew, among other things, of the similar previous thumb injuries users of that type of crossbow had sustained when operating them (*see* Exhibit A, attached herein) due to the crossbows' failure to contain a thumb-guard or protector. Additionally, Defendants knew that the Crossbows at issue were without a thumb-guard or protector. Plaintiffs' harm resulted from the defect. For this reason, Defendants' actions fall within the purview of Section 82.003(6) and Defendants are liable to Plaintiffs Adams and South under this exception to § 82.003.

63. Upon information and belief, Defendants expressly represented to its customers that the Crossbows in question were not defective, when in fact this representation was incorrect. Plaintiffs Adams and South relied on said Defendants' representation in obtaining and using the defective Crossbows. Had the Crossbows not been defective and contained a thumb-guard

or protector, Plaintiffs would not have suffered the injury that is the basis of this Petition while using the Crossbows.   Defendants' actions fall within the purview of § 82.003(5) and Defendants are liable to Plaintiffs under this exception to § 82.003.

64. Furthermore, as more fully set forth herein above, the Crossbows were dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchases it, and said Defendants are strictly liable for the injuries of Plaintiffs Adams and South pursuant to the *Restatement (Second) of Torts Sections* 402A and 402B.

## VII.

## CONDITIONS PRECEDENT

65. All conditions precedent to Plaintiffs' right to recover from Defendant have been satisfied prior to the filing of this lawsuit.

## VIII.

## DAMAGES

66. As stated above, Plaintiffs seek all actual and compensatory damages, both I the past and in the future, including but not limited to medical expenses, pain and suffering, loss wages and earning capacity, impairment, disfigurement, deformity, scarring, mental and emotional anguish and other damages.

67. Additionally, Plaintiffs seek exemplary/punitive damages against each Defendant in accordance with state law.

**PLAINTIFFS' FIRST**
<u>**AMENDED ORIGINAL PETITION**</u>                                                                                 **Page 15**

EXHIBIT C-11 - Page 15 of 19

## IX.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Camilla Adams, Donnie South, Daven Chapa, Russell Richman and Nicholas Balthrop respectfully request that upon trial of this cause, they recover from Defendants the following relief:

(a)     Judgment against Defendant Barnett Outdoors for actual damages incurred by Plaintiffs;

(b)     Judgment against Defendant Barnett Outdoors awarding Plaintiffs pre-judgment and post judgment interest at the maximum rate permitted by law;

(c)     Judgment against Defendant Academy for actual damages incurred by Plaintiff Adams;

(d)     Judgment against Defendant Academy awarding Plaintiff Adams pre-judgment and post judgment interest at the maximum rate permitted by law;

(e)     Judgment against Defendant Bass Pro for actual damages incurred by Plaintiff South;

(f)     Judgment against Defendant Bass Pro awarding Plaintiff South pre-judgment and post judgment interest at the maximum rate permitted by law; and

(g)     Such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,


/s/ D. Bradley Kizzia
**D. BRADLEY KIZZIA**
State Bar No. 11547550
brad@kjpllc.com
**KIZZIA JOHNSON PLLC**
750 N. St. Paul Street, Suite 1320
Dallas, Texas 75201
469.893.9940
214.613.3330 FAX

**DON A. TITTLE**
State Bar No. 20080200
don@dontittlelaw.com
**Law Offices of Don Tittle, PLLC**
6301 Gaston Avenue, Suite 440
Dallas, Texas  75214
214.522.8400
214.389.1002 FAX

**ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 13th day of January, 2016, a true and correct copy of the foregoing was forwarded to all known of record in compliance with the Texas Rules of Civil Procedure.


/s/ D. Bradley Kizzia
**D. BRADLEY KIZZIA**

October 27, 2010


ZURICH

VIA Email: jallen@barnettcrossbows.com
Ms. Jackie Allen
Barnett Outdoors
30955 E. Live Oak Street
Tarpon Springs, FL 34689

RE:     Claim #:         9720082161
        Insured:         Academy Ltd., Store # 29
        Date of Loss:    09/05/10
        Claimant:        Joe Soliz
        Product:         Barnett Jackal Crossbow Kit
        Item #:          #18811091
        SKU#:            0343-00258-8404

EXHIBIT A

Ms. Allen:

Please be advised that we are the general liability carrier for Academy Ltd.  The
purpose of this letter is to place you on notice of this claim and to make a demand
upon you to assume the handling to lead investigation of this matter and include
Academy, Ltd. on any settlement release.  If a suit is filed, Academy, Ltd. will look
to Barnett Outdoors to defend and indemnify them.

Zurich Services Corporation,
Inc.

P.O. Box 966072
Schaumburg, IL 988072

Telephone (214)866-1538
(866)828-6816

Fax (866) 689-8972
Jessica.foster@zurichna.co
m

The facts are briefly stated, as we know them, the claimant was trying out a Jackal
crossbow in Academy's archery range in Corpus Christi, Texas.  As he squeezed the
trigger of the crossbow his left thumb was struck by the string of the bow which
resulted in his left thumb to sustain a cut.  After the incident occurred Mr. Soliz
sought medical attention at a local emergency room where they soaked his hand to
removed debris from under his skin and he received seven stitches.  Since the initial
treatment he has had several follow up visits to his primary care provider.  Mr. Soliz
is a band director which requires him to use his hands and fingers.  He has informed
us that he has had stabbing pain and is unable to hold things with his thumb.  Mr.
Soliz is pursuing a claim.
The claimant's contact information is as follows:

        Soliz Joe
        P.O. Box 1703
        Premont, TX 78375
        (361)701-4573

There is a certificate of insurance which names Academy, Ltd. and its subsidiaries as
an additional insured vendor. This tender is being made under the terms of that
certificate. Additionally, please refer to the below statute.  In addition to the
insurance requirements, we believe that the "Innocent Retailer" statute will apply in

BARN00106

EXHIBIT C-11 - Page 18 of 19                    Adams000015

this claim and provide statutory indemnity to Academy in the event that the claimant
pursues.

### TX CIV 82.002

*(a). A manufacturer shall indemnify and hold harmless a seller against loss arising out of a
products liability action except for any loss caused by the seller's negligence, intentional
misconduct, or other act or omission, such as negligently modifying or altering the product,
for which the seller is independently liable. (b), for purposes of this section, "loss" includes
court costs and other reasonable expenses, reasonable attorneys' fees, and any reasonable
damages. (c) Damages awarded by the tier of fact shall, on final judgment, be deemed
reasonable for purposes of this section. (d) For purposes of this section, a wholesale
distributor or retail seller who completely or partially assembles a product in accordance
with the manufacturer's instructions shall be considered a seller. (e) The duty to indemnify
under this section: (1) applies without regard to the manner in which the action is concluded;
and (2) is in addition to any duty to indemnify established by law, contract, or otherwise. (f) A
seller eligible for indemnification under this section shall give reasonable notice to the
manufacturer of a product claimed in a petition or complaint to be defective, unless the
manufacturer has been served as a party or otherwise has actual notice of the action. (g) A
seller is entitled to recover from the manufacturer court costs and other reasonable expenses,
reasonable attorney's fees, and any reasonable damages incurred by the seller to enforce the
seller's right to indemnification under this section. Acts, 1993, 73rd Leg., ch. 5, 1.*

If you have not already done so, please refer this matter to your insurance carrier
immediately. Please contact me within 10 days to acknowledge receipt of this
demand. Please include our claim number on all forms of communication.

Sincerely,

Zurich Services Corporation

Jessica Foster
Claim Specialist

cc:     Soliz Joe
        P.O. Box 1703
        Fremont, TX 78375
        (361)701-4573

        Henri Hebert
        201 West Vermillion Ste 200
        Lafeyette, LA 70501
        Via email hhebert@howardrisk.com

        American Safety Insurance
        909 S. Meridian Ave., Suite 700
        Oklahoma City, OK 73108

        Tammy Bauman
        Academy Ltd.
        1800 Mason Road
        Katy, Texas 77449
        Via Email: *Tammy.Bauman@Academy.com*

BARN00107

EXHIBIT C-11 - Page 19 of 19                    Adams000016

FILED
DALLAS COUNTY
1/13/2016 4:39:42 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

**KIZZIA**

ATTORNEYS & LITIGATORS

**JOHNSON**

**KIZZIA JOHNSON PLLC**
750 N. ST. PAUL STREET, SUITE 1320
DALLAS, TEXAS   75201
(W) 214.613.3350
(F) 214.613.3330
KJPLLC.COM

Amanda R. Heydrick
214-613-3350
amanda@kjpllc.com

January 13, 2016

Clerk of Court
District Court of Dallas County
***Via Electronic Mail***

     Re:    CAMILLA ADAMS vs. BARNETT OUTDOORS LLC, et al; DC-15-07035;
            162nd District Court, Dallas County

Dear County Clerk's Office:

     This letter is to request issuance of a Citation on Defendant Bass Pro Outdoor World, L.L.C. to be served via certified mail, return receipt requested in the above-referenced matter. Defendant Bass Pro Outdoor World, L.L.C. may be served with process by delivery of the Citation to its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas  75201.

.

                    Yours truly,

                    /s/ Amanda R. Heydrick
                    Amanda R. Heydrick
                    *Paralegal to D. Bradley Kizzia*

/arh

EXHIBIT C-12 - Page 1 of 1

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

<u>CERT MAIL</u>

# CITATION

## DC-15-07035

To:

**BASS PRO OUTDOOR WORLD LLC
BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201**

**CAMILLA ADAMS
vs.
BARNETT OUTDOORS LLC, et al**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you.  Your answer should be addressed to the
clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

ISSUED THIS
**19th day of January, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

Said Plaintiff being **CAMILLA ADAMS, DONNIE SOUTH, DAVEN CHAPA, RUSSELL
RICHMAN AND NICHOLAS BALTHROP**

Filed in said Court  **13th day of January, 2016** against

By:  ALTHA MILES, Deputy

**BASS PRO OUTDOOR WORLD LLC**

For Suit, said suit being numbered **<u>DC-15-07035,</u>** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition ,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned
unexecuted.

**Attorney for Plaintiff**
D BRADLEY KIZZIA
750 N ST PAUL ST
SUITE 1320
DALLAS TX  75201
214-613-3350

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of January, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
ALTHA MILES

**DALLAS COUNTY CONSTABLE**
FEES
PAID
**FEES NOT
PAID**

EXHIBIT C-13 - Page 1 of 2

# OFFICER'S RETURN

Case No. : DC-15-07035

Court No.162nd District Court

Style: CAMILLA ADAMS

vs.

BARNETT OUTDOORS LLC, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20_____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

EXHIBIT C-13 - Page 2 of 2

## OFFICER'S RETURN

Case No. : DC-15-07035

Court No. 162nd District Court

Style: CAMILLA ADAMS

vs.

BARNETT OUTDOORS LLC, et al

Came to hand on the _19th_ day of _January_ 20_16_, at _3:45_ o'clock _P_.M. Executed at _1999 Bryant #900 Dallas 75201_

within the County of _Dallas_ at _9:18_ o'clock _A_.M. on the _22nd_ day of _January_

20_16_, by delivering to the within named

_Bass Pro Outdoor world LLC serving RACT Corporation System via U.S. certified mail_
_Return receipt received signed by Christopher Wells._

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

For serving Citation   $ _76.00_

For mileage   $_____   of_____County, _____

For Notary   $_____   By _John Miles_ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____.

to certify which witness my hand and seal of office.

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

FILED
JAN 26 2016
FELICIA PITRE
DIST. CLERK, DALLAS CO., TEXAS
_____ DEPUTY

Notary Public_____County_____

9214 8901 0661
5400 0077 8340 23

EXHIBIT C-14 - Page 1 of 3

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

**BASS PRO OUTDOOR WORLD LLC**
**BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CAMILLA ADAMS, DONNIE SOUTH, DAVEN CHAPA, RUSSELL RICHMAN AND NICHOLAS BALTHROP**

Filed in said Court **13th day of January, 2016** against

**BASS PRO OUTDOOR WORLD LLC**

For Suit, said suit being numbered **DC-15-07035**, the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition ,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of January, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Altha Miles_ , Deputy
ALTHA MILES

---

**CERT MAIL**

# CITATION

## DC-15-07035

**CAMILLA ADAMS**
vs.
**BARNETT OUTDOORS LLC, et al**

ISSUED THIS
**19th day of January, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ALTHA MILES, Deputy

---

**Attorney for Plaintiff**
D BRADLEY KIZZIA
750 N ST PAUL ST
SUITE 1320
DALLAS TX 75201
214-613-3350

---

DALLAS COUNTY CONSTABLE
FEES PAID      FEES NOT PAID

EXHIBIT C-14 - Page 2 of 3

**UNITED STATES**
**POSTAL SERVICE.**

Date: January 22, 2016

MAIL MAIL:

The following is in response to your January 22, 2016 request for delivery information on
your Certified Mail™/RRE item number 92148901066154000077834023.  The delivery
record shows that this item was delivered on January 22, 2016 at 9:18 am in DALLAS,
TX 75201. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the
United States Postal Service.  It is solely for customer use.

            DC-15-07035 DP AM
            BASS PRO OUTDOOR WORLD LLC
            REGISTERED AGENT CT CORPORATION SYSTEM
            1999 BRYAN ST STE 900
            DALLAS TX 75201-3140
                   EXHIBIT C-14 - Page 3 of 3

FILED
DALLAS COUNTY
2/8/2016 11:51:46 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-00371-M   Document 1-3   Filed 02/10/16   Page 63 of 67   PageID 77

**JOHNSON**
**KIZZIA JOHNSON PLLC**
750 N. ST. PAUL STREET, SUITE 1320
DALLAS, TEXAS  75201
(W) 214.451.0164
(F) 214.451.0165
KJPLLC.COM

Amanda R. Heydrick
469.893.9945
amanda@kjpllc.com

February 8, 2016

Clerk of Court
District Court of Dallas County
*__Via eFiling System__*

Re:   CAMILLA ADAMS vs. BARNETT OUTDOORS LLC, et al; DC-15-07035;
162nd District Court, Dallas County

Dear Clerk of Court:

Enclosed please find the Medical Expense Affidavit from W.B. Carrell Clinic for filing in the above-referenced case pursuant to Texas Rule of Evidence 902(10) and Texas Civil Practice and Remedies Code § 18.001. If there will be any problem with accomplishing this, please let us know.

By copy of this letter, we are notifying opposing counsel of this filing and are serving a copy of same.

Yours truly,

/s/ Amanda R. Heydrick
Amanda R. Heydrick
*Paralegal to D. Bradley Kizzia*

/arh
Attachment

EXHIBIT C-15 - Page 1 of 1

FILED
DALLAS COUNTY
2/8/2016 11:51:46 AM
FELICIA PITRE
DISTRICT CLERK

**KIZZIA**

**JOHNSON**

ATTORNEYS & LITIGATORS

**KIZZIA JOHNSON PLLC**

750 N. ST. PAUL STREET, SUITE 1320
DALLAS, TEXAS  75201
(W) 214.451.0164
(F) 214.451.0165
KJPLLC.COM

Amanda R. Heydrick
469.893.9945
amanda@kjpllc.com

February 8, 2016

Clerk of Court
District Court of Dallas County
***Via eFiling System***

Re:   CAMILLA ADAMS vs. BARNETT OUTDOORS LLC, et al; DC-15-07035;
        162nd District Court, Dallas County

Dear Clerk of Court:

Enclosed please find the Affidavit of Records Custodian of W.B. Carrell Memorial Clininc for filing in the above-referenced case pursuant to Texas Rule of Evidence 902(10) and Texas Civil Practice and Remedies Code § 18.001.  If there will be any problem with accomplishing this, please let us know.

By copy of this letter, we are notifying opposing counsel of this filing and are serving a copy of same.

Yours truly,

/s/ Amanda R. Heydrick
Amanda R. Heydrick
*Paralegal to D. Bradley Kizzia*

/arh
Attachment

EXHIBIT C-16 - Page 1 of 1

FILED
DALLAS COUNTY
2/8/2016 11:57:46 AM
FELICIA PITRE
DISTRICT CLERK

## CAUSE NO. DC-15-07035

| | | |
|---|---|---|
| CAMILLA ADAMS, DONNIE SOUTH AND DAVEN CHAPA, | § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § § | |
| VS. | § § | DALLAS COUNTY, TEXAS |
| BARNETT OUTDOORS LLC, AND ACADEMY, LTD. and BASS PRO OUTDOOR WORLD, L.L.C., | § § § § § § | |
| **Defendants.** | § § | **162nd JUDICIAL DISTRICT** |

### AFFIDAVIT

Before me, the undersigned authority, personally appeared _Jason Chapman_, who, being by me duly sworn, deposed as follows:

My name is _Jason Chapman_, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of W. B. Carrell Memorial Clinic. Attached hereto are _43_ pages of records from the medical records of Camilla Adams. These said _43_ pages of records are kept by W. B. Carrell Memorial Clinic in the regular course of business, and it was the regular course of business of W. B. Carrell Memorial Clinic for an employee or representative of W. B. Carrell Memorial Clinic, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

_____
Affiant

SWORN TO AND SUBSCRIBED before me on the _19_ day of _January_, 20_16_.

LEANNA LAMKIN
Notary Public, State of Texas
My Commission Expires
May 06, 2019

_____
Notary Public, State of TEXAS

EXHIBIT C-17 - Page 1 of 1                    ADAMS 000400

FILED
DALLAS COUNTY
2/8/2016 11:51:46 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-00371-M   Document 1-3   Filed 02/10/16   Page 66 of 67   PageID 80

## CAUSE NO. DC-15-07035

CAMILLA ADAMS, DONNIE SOUTH  §  IN THE DISTRICT COURT OF
AND DAVEN CHAPA,              §
                              §
      Plaintiffs,             §
                              §
VS.                           §  DALLAS COUNTY, TEXAS
                              §
BARNETT OUTDOORS LLC, AND     §
ACADEMY, LTD. and BASS PRO    §
OUTDOOR WORLD, L.L.C.,        §
                              §
      Defendants.             §  162nd JUDICIAL DISTRICT

### AFFIDAVIT OF RECORDS CUSTODIAN OF
### W. B. CARRELL MEMORIAL CLINIC

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

Before me, the undersigned authority, personally appeared _Jason Chapman_, who, being by me duly sworn, deposed as follows:

My name is _Jason Chapman_. I am of sound mind and capable of making this affidavit, and personally acquainted with the facts herein stated.

I am the custodian of records for W. B. Carrell Memorial Clinic. Attached to this affidavit are records that provide an itemized statement of the service and charge for the service that W. B. Carrell Memorial Clinic provided to Camilla Adams. The attached records are a part of this affidavit.

The attached records are kept by W. B. Carrell Memorial Clinic in the regular course of business, and it was the regular course of business of W. B. Carrell Memorial Clinic for an employee or representative of W. B. Carrell Memorial Clinic, with knowledge of the service provided, to make the record or to transmit information to be included in the record. The records were made in the regular course of business at or near the time or reasonably soon after the time the service was provided. The records are the original or a duplicate of the original.

The services provided were necessary and the amount charged for the services was reasonable at the time and place that the services were provided.

EXHIBIT C-18 - Page 1 of 2          ADAMS 000398

The amount paid for the services was $_____295.79_____ and the amount currently unpaid but which _____Cosrell Clinic_____ has a right to be paid after any adjustment or credits is $_____0.00_____.

_____
Affiant

SWORN TO AND SUBSCRIBED before me on the ___19___ day of ___January___, 20_16_.

LEANNA LAMKIN
Notary Public, State of Texas
My Commission Expires
May 06, 2019

_____
Notary Public, State of TEXAS

EXHIBIT C-18 - Page 2 of 2                    ADAMS 000399